IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 10, 2007

## CONSTANCIA REYES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-05134    W. Otis Higgs, Jr., Judge**

_____

**No. W2006-02232-CCA-R3-PC  - Filed August 22, 2007**

_____

The petitioner, Constancia Reyes, pled guilty in the Shelby County Criminal Court to possession of three hundred grams or more of cocaine with intent to sell and agreed to a fifteen-year sentence as a Range I, standard offender.  Subsequently, she filed a petition for post-conviction relief, claiming that she received the ineffective assistance of counsel because her trial attorney failed to file a motion to suppress the evidence seized as a result of her traffic stop and that she was coerced into pleading guilty.  The post-conviction court denied the petition for post-conviction relief, and the petitioner appeals.  Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

James E. Thomas, Memphis, Tennessee, for the appellant, Constancia Reyes.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tom Hoover, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

At the petitioner's guilty plea hearing, the State presented the following factual account of the crime:  On May 1, 2003, a police officer "clocked" the petitioner driving sixty-five miles per hour in a fifty-five-mile-per-hour speed zone.  The officer stopped the petitioner, and she gave the officer verbal and written consent to search her vehicle.  The officer could smell an air freshener's strong odor coming from the driver's side door of the vehicle, and a drug dog gave a positive indication on the door.  During a search, police found fourteen bundles of powder cocaine wrapped

in cellophane and axle grease. The total weight of the cocaine was 21.12 ounces. The petitioner's mother was traveling in the vehicle with her, and both of the women were arrested, jailed, and charged with possession of more than three hundred grams of cocaine with intent to sell, a Class A felony. On September 19, 2003, the petitioner pled guilty to the charged offense, and her mother pled guilty to a Class E felony. Pursuant to the plea agreement, the petitioner received a fifteen-year sentence and was ordered to pay a five-thousand-dollar fine.

Subsequently, the petitioner filed a timely pro se petition for post-conviction relief, claiming that she received the ineffective assistance of counsel and did not plead guilty voluntarily. The trial court appointed counsel and held an evidentiary hearing. At the hearing, the petitioner's trial attorney testified that the petitioner's family retained him to represent her. The police had stopped the petitioner and her mother on the interstate. The petitioner's mother was sixty-five years old but looked about eighty years old, spoke no English, and apparently knew nothing about the cocaine in the vehicle. The police found cocaine and arrested the women, but they could not post bond. Counsel reviewed discovery in the case and believed filing a motion to suppress was warranted. After the petitioner's preliminary hearing, counsel met with her several times and explained the motion. The petitioner told counsel that she was not speeding at the time of the stop, and counsel told her that the circumstances surrounding the stop were "a great issue to raise" in the motion to suppress. However, the petitioner had an "overwhelming desire . . . to in some way get the case settled and get her mother out of jail," and counsel told her that it could be months before the trial court heard the motion. The petitioner told counsel to begin plea negotiations with the State, and the State made a "time-served offer" for the petitioner's mother if the petitioner would plead guilty. Counsel talked with the petitioner about waiting for a better offer from the State, but the petitioner pled guilty as charged. Counsel refused to say that the petitioner was coerced into pleading guilty but stated that the time-served offer for her mother "certainly motivated her . . . because her foremost desire was to get her poor mom out of jail."

On cross-examination, counsel testified that at the time of the hearing, he had been a licensed attorney for thirteen years and had tried over one hundred criminal cases. Counsel believed in the petitioner's case and had looked forward to filing a motion to suppress the evidence against her. Three years earlier, the petitioner had pled guilty in Louisiana to a similar offense involving three hundred pounds of marijuana. Counsel acknowledged that given the prior conviction, if the petitioner had gone to trial and been convicted, she probably would have received more than the minimum sentence as she did for her guilty plea. He also acknowledged that the trial court had a reputation for being very thorough and tedious and that the court questioned the petitioner at the guilty plea hearing. Counsel advised the petitioner that once she pled guilty, she had no right to challenge her traffic stop.

The petitioner testified that a police officer stopped her for speeding on May 1, 2003, and initially told her that he was going to give her a warning citation. The officer then asked for the petitioner's registration and had her and her mother sit in the back of his patrol car while he searched her van. The police did not ask for consent to search. After the search, the police gave the petitioner a piece of paper to sign, and she signed the document without reading it. She said that her trial

attorney never discussed a motion to suppress with her and that she had never heard of a motion to suppress until post-conviction counsel talked with her about it. She stated that when she pled guilty, she had not understood that if she had waited before deciding to plead, the evidence against her could have been suppressed. She stated that she pled guilty because she "just wanted my mom to go home."

On cross-examination, the petitioner testified that the vehicle she was driving on May 3 belonged to her sister and that she and her mother were driving to a fiesta in Newton, North Carolina. When the State asked the petitioner if she would have waited to plead guilty if it had meant her mother would have spent six months to a year in jail, the petitioner said, "I didn't want my mom to be in jail." The petitioner stated that the most important reason for the guilty plea was that she wanted her mother to be released from confinement.

In denying the petitioner's petition for post-conviction relief, the post-conviction court held that although counsel testified that he believed a motion to suppress was meritorious in this case, the petitioner did not want him to file the motion because of her overwhelming desire to plead guilty so her mother would be released from jail. Thus, the post-conviction court concluded that the petitioner did not receive the ineffective assistance of counsel. The court also concluded that her plea was voluntary. On appeal, the petitioner contends that the post-conviction court erred by denying her petition.

## II. Analysis

To be successful in a claim for post-conviction relief, the petitioner must prove all factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. Id.

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad

v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Moreover, in the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); see also Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

To pass constitutional muster, a guilty plea must be made voluntarily, understandingly, and knowingly. Hicks, 983 S.W.2d at 246 (citing Boykin v. Alabama, 395 U.S. 238, 244, 89 S. Ct. 1709, 1713 (1969)); see also State v. Mackey, 553 S.W.2d 337, 341 (Tenn. 1977). To determine the voluntariness and intelligence behind a guilty plea, the court must look to various circumstantial factors, i.e.,

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993).

The petitioner first contends that she received the ineffective assistance of counsel because counsel failed to file a motion to suppress the evidence against her. Counsel testified that he discussed a motion to suppress with the petitioner and that filing a motion was warranted in this case. However, he stated that the petitioner wanted him to negotiate a plea agreement with the State so that her mother could get out of jail. Although the petitioner testified that counsel never discussed such a motion with her, the post-conviction court obviously accredited counsel's testimony over that of the petitioner, concluding that the petitioner's desire to have her mother released from confinement motivated her decision to forego having counsel file the motion. We conclude that the petitioner has failed to show that counsel's failing to file the motion resulted in deficient performance.

As to the petitioner's claim that she was coerced into pleading guilty, we agree with the post-conviction court that the petitioner pled guilty voluntarily. The petitioner claims that her guilty plea was involuntary because the State required her to plead guilty in order for her mother to get the time-served offer. However, as a panel of this court has stated, "Many factors other than the facts may legitimately influence a decision to plead guilty, such as, reduction of stress on a defendant and his or her family, the removal of uncertain consequences, and reduction of actual exposure." State v. Crystal Rena Sturgill, No. E2002-00385-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 85, at *10 (Knoxville, Feb. 4, 2003) (citing McMann v. Richardson, 397 U.S. 759, 768-69, 90 S. Ct. 1441,

1447 (1970)).  Moreover, contingent plea agreements have been found not to be coercive.  <u>See</u> <u>Parham v. State</u>, 885 S.W.2d 375, 382-384 (Tenn. Crim. App. 1994).  Finally, our review of the guilty plea hearing transcript shows that the trial court asked the petitioner if any threats or promises had been made to her in return for her guilty plea, and the petitioner said no.  The petitioner also acknowledged during the guilty plea hearing that she was pleading guilty voluntarily.  We conclude that the post-conviction court properly concluded that the petitioner was not entitled to post-conviction relief.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE